**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

DANIEL VILLARREAL,

     Defendant - Appellant.

No. 99-6066
(D.C. No. CR-98-140-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Mr. Villarreal pled guilty to twenty-seven counts of transporting illegal aliens within the United States for the purpose of commercial advantage and private financial gain, see 8 U.S.C. §§ 1324(a)(1)(A)(ii), (B)(i). He was sentenced to thirty months imprisonment on all counts, three years supervised release, and $2,700 in special assessments. He appeals his sentence. Our

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The district court imposed a two-level sentence enhancement under USSG § 2L1.1(b)(5), applicable where "the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." Mr. Villarreal claims that the district court erred because his conduct did not rise to the level required for an enhancement under the guideline.

A district court's findings of fact during sentencing are reviewed for clear error. United States v. Fortier, 180 F.3d 1217, 1225 (10th Cir. 1999). Mr. Villarreal was arrested for transporting thirty-one aliens across Oklahoma in an eight passenger van. Application Note 6 to USSG §2L1.1 specifically says: "Reckless conduct to which the adjustment from subsection (b)(5) applies includes a wide variety of conduct (e.g., . . . carrying substantially more passengers than the rated capacity of a motor vehicle or vessel . . .)." USSG § 2L1.1, comment. (n.6). The district court based its enhancement upon this language, as well as the myriad unsanitary and unsafe conditions present in this case. The record fully supports the district court's finding; there is no error. See United States v. Luna, No. 97-50511, 1998 WL 416501, *1 (9th Cir. June 15, 1998) (unpublished) (applying same enhancement in part for similar overcrowding and noting "[p]erhaps our coign of vantage is not as good as that of a district

judge, but we are not blind.").

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge